Sohan SINGH; Bakhash Kaur, Petitioners,

v.

Eric H. HOLDER, Jr., United States Attorney General, Respondent.

No. 04–74999.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 2009.

Filed Oct. 20, 2009.

Amy Prokop, Law Offices of Carl M. Shusterman, Los Angeles, CA, for Petitioners.

Drew Brinkman, OIL, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anne R. Schultz, Esquire, U.S. Attorney's Office, Miami, FL, for Respondent.

Before: RYMER and TASHIMA, Circuit Judges and ADELMAN,* District Judge.

## MEMORANDUM **

Sohan Singh and his wife, Bakhash Kaur, natives and citizens of India, petition for review of an order from the Board of Immigration Appeals ("BIA") affirming the decision of an Immigration Judge ("IJ") denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), based on an adverse credibility determination. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Because the BIA affirmed the IJ's decision under *In re Burbano,* 20 I. & N. Dec. 872, 874 (BIA 1994), we review the IJ's decision. *See Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). We review the IJ's adverse credibility determination for substantial evidence and must uphold that determination "unless the evidence compels a contrary result." *Tekle v. Mukasey,* 533 F.3d 1044, 1051 (9th Cir.2008) (citations omitted). In support of his claim of persecution on account of political opinion, Singh submitted a letter from his political party indicating that police had killed his brother. Yet, this letter not only contains internal inconsistencies, but also contradicts "events central to petitioner's version of why he was persecuted and fled." *Singh v. Gonzales,* 439 F.3d 1100, 1108 (9th Cir. 2006). As such, "it relates to the basis for [Singh's] alleged fear of persecution and goes to the heart of [his] claim." *Id.* (internal quotation marks and citations omitted). Because the evidence does not compel a contrary result to that reached by the IJ, we conclude that the IJ's adverse credibility determination was supported by substantial evidence. 8 U.S.C. § 1252(b)(4)(B). Accordingly, Singh's asylum claim fails.

For the same reason, his claims for withholding and protection under CAT also must fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003) (rejecting claims for withholding and CAT relief, which were based on the same evidence relied on for the asylum claim, where the adverse credibility determination was upheld).

The petition for review is **DENIED.**

---

* The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.